UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

C.F., *et al.*,

        Plaintiffs,

   v.

LASHWAY, *et al.*,

        Defendants.

CASE NO. C16-1205 RSM

ORDER GRANTING MOTION TO SEAL

## I.    INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to File Papers Under Seal. Dkt. #17. Plaintiffs seek to file documents that contain personal information of public institution clients, healthcare information, and records relating to a plaintiff's mental illness and treatment. *Id.* at 2. Plaintiffs certify they conferred with opposing counsel via email and phone to discuss ways to minimize the amount of material filed under seal. *Id.* Plaintiffs indicate the parties agreed redaction of the documents would not sufficiently protect the privacy interests of Plaintiffs and other individuals named, and Defendants' counsel purportedly did not object to filing the documents under seal. *Id.* at 2-3. No response in opposition to Plaintiffs' motion has been filed. *Id.* at 2-3. For the reasons discussed below, the Court GRANTS Plaintiffs' motion.

ORDER GRANTING MOTION TO SEAL – 1

## II. DISCUSSION

"There is a strong presumption of public access to the court's files." Local Civil Rule 5(g). Given this presumption, parties "must explore all alternative to filing a document under seal." LCR 5(g)(1). Parties who cannot avoid filing documents under seal can move to seal a document. LCR 5(g)(2). Besides certifying their attempts to agree about the need to file documents under seal, a party's motion to seal must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal." LCR 5(g)(3). This statement must explain the following: "i. the legitimate private or public interests that warrant the relief sought; ii. the injury that will result if the relief sought is not granted; and iii. why a less restrictive alternative to the relief sought is not sufficient." *Id*. For nondispositive motions, "this presumption may be overcome by a showing of good cause." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations omitted). For dispositive motions, parties must make a "compelling showing" that the public's right of access is outweighed by the parties' interest in protecting the documents. *Id.*

Plaintiffs seek to file the following documents under seal:

1. April 2016 list of Developmental Disabilities Administration (DDA) clients seeking Supported Living services;

2. December 2015 list of Residential Habilitation Center residents seeking discharge;

3. Plaintiff J.P.'s Psychology Review from Rainier School dated November 9, 2012;

4. Plaintiff J.P's Psychiatric Assessment from Rainier School dated January 9, 2013; and

5. Plaintiff J.P's Individual Habilitation Plan from Rainier School dated November 13, 2013.

Because these documents are attached to a declaration in support of Plaintiffs' motions for class certification and partial summary judgment, Plaintiff must make a compelling showing that the public's right of access to these documents is outweighed by their interests in protecting their disclosure.

Plaintiffs explain Items 1 and 2, the April 2016 and December 2015 lists from the Department of Social and Health Services ("DSHS"), were obtained under Plaintiffs' counsel's authority under the Developmental Disabilities Assistance and Bill of Rights Act of 2000. Dkt. #17 at 2 (citing 42 U.S.C. § 15043). Because federal regulations indicate that information obtained under the Developmental Disabilities Bill of Rights Act must be kept confidential, Plaintiffs reason the secrecy of these lists must be maintained. *Id*.; *see* 45 C.F.R. § 1326.28. Regarding Items 3-5, Plaintiff explains these documents are records maintained for a client, Plaintiff J.P., of a public institution, and these documents are all related to Plaintiff J.P.'s mental health and treatment. *Id*. Plaintiffs contend public disclosure of Items 1-5 adversely affects the privacy interests of Plaintiff J.P. and the individuals named on the lists. *Id*. Plaintiffs further argue disclosure of these lists serves no public purpose or benefit. *Id*.

The Court, having reviewed the documents Plaintiffs seek to seal, agrees that compelling confidentiality concerns justify maintaining all five documents under seal. All five documents contain personal and healthcare-related information whose disclosure would infringe on the privacy interests of the individuals named in the documents. Maintaining the secrecy of these documents protects the legitimate privacy interests of those individuals. What's more, the Court agrees disclosure of these documents serves no public purpose or benefit that warrants infringing the legitimate privacy interests at stake.

ORDER GRANTING MOTION TO SEAL – 3

### III. CONCLUSION

Having considered Plaintiffs' Motion to File Papers Under Seal (Dkt. #17), the Court hereby finds and ORDERS:

1. Plaintiffs' Motion to File Papers Under Seal (Dkt. #17) is GRANTED;

2. The following documents shall REMAIN UNDER SEAL:

    a. April 2016 list of Developmental Disabilities Administration (DDA) clients seeking Supported Living services (Dkt. #23);

    b. December 2015 list of Residential Habilitation Center residents seeking discharge (Dkt. #24);

    c. Plaintiff J.P.'s Psychology Review from Rainier School dated November 9, 2012 (Dkt. #26);

    d. Plaintiff J.P's Psychiatric Assessment from Rainier School dated January 9, 2013 (Dkt. #27); and

    e. Plaintiff J.P's Individual Habilitation Plan from Rainier School dated November 13, 2013 (Dkt. #28).

DATED this 5th day of May 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO SEAL – 4