UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

C.F., *et al.*,

    Plaintiffs,

v.

LASHWAY, *et al.*,

    Defendants.

CASE NO. C16-1205 RSM

ORDER DENYING PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

## I.    INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment. Dkt. #21. Plaintiffs C.F., L.B., and J.P. (collectively "Plaintiffs") are developmentally disabled Washington State residents who qualify for Medicaid-funded community-based habilitative services. Despite their qualification, Plaintiffs claim they are deprived of due process protections and prompt access to these services because of Defendants' systemic mismanagement of Washington State's Medicaid-funded community-based habilitative services. Plaintiffs allege violations of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("RA"), and subchapter XIX of the Social Security Act; Plaintiffs now ask the Court to hold that Defendants have violated their rights under the Social Security Act. Defendants dispute

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT– 1

Plaintiffs' assertions, and argue that genuine issues of material fact preclude the Court from determining whether their actions violate two sections of subchapter XIX of the Social Security Act. For the reasons discussed herein, the Court agrees with Defendants and Plaintiffs' motion for partial summary judgment is DENIED.

## II. BACKGROUND

The Court previously set forth the procedural and factual background to this action and incorporates it by reference herein. *See* Dkt. #58 at 2-4.

In summary, Plaintiffs are developmentally disabled Washington State residents who qualify for Medicaid-funded community-based habilitative services. Dkt. #1 ¶ 1. Despite their eligibility, Plaintiffs have not received the community-based habilitative services they seek, and they allege Defendants, the Acting Secretary of the DSHS and the Director of the HCA, are to blame. *Id*. ¶¶ 1-2. Plaintiffs claim Defendants and their respective agencies have not established an adequate system to insure individuals with developmental disabilities receive habilitative services in community-based settings. *Id*. ¶ 3. Instead, Plaintiffs allege the provision of these services is not reasonably prompt, individuals are not provided a meaningful choice of community-based habilitative service providers, individuals are not notified of their right to a hearing when there is a determination or delay in the provision of these services, and the current administration of these services allows community-based habilitative service providers to discriminate against developmentally disabled individuals based on the severity of their disability. *Id*. ¶¶ 2, 31, 44, 62-69.

Because of Defendants' purported failures, Plaintiffs contend they are at serious risk of institutionalization. Plaintiffs thus allege Defendants' administration of these services violates

the integration mandates of Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("RA"), and the Supreme Court's pronouncement in *Olmstead v. L.C.*, 527 U.S. 581 (1999). *Id.* ¶¶ 1-3, 31, 62-69.

Aside from alleging integration mandate violations, Plaintiffs also claim Defendants' administration of the Core and Community Protection waivers violates Title XIX of the Social Security Act, 42 U.S.C. § 1396. Dkt. #1 ¶¶ 70-75. Defendants allegedly violate Title XIX because they fail to provide Plaintiffs, and the proposed class members, with: (1) reasonably prompt access to community-based habilitative services; (2) a meaningful choice of providers; and (3) adequate written notification of Defendants' determinations and Plaintiffs' right to appeal those determinations. *Id.* ¶¶ 71 and 73.

Because Plaintiffs' motion for class certification was denied, only C.F.'s, L.B.'s, and J.P.'s claims remain. *See* Dkt. #58. C.F., L.B., and J.P. all received supported living services, a type of community-based habilitative service, in the past, but those services were terminated by their respective supported living service providers. Dkt. #1 ¶¶ 5-7. Following the termination of their supported living services, C.F., L.B., and J.P. sought replacement services, but they claim replacement services have not been provided to them with reasonable promptness. *Id.* ¶ 71. C.F., J.P., and L.B. also claim Defendants have deprived them of due process protections. *Id.* ¶ 73.

Because of Defendants' alleged failure to provide supported living services with reasonable promptness, Plaintiff C.F. alleges he has been institutionalized at Washington State residential habilitation centers since October 2014. *Id.* ¶ 5. Plaintiff J.P. is also institutionalized at a residential habilitation center, and she claims that despite having a supported living provider

committed to serving her, that provider cannot recruit and retain enough staff to support her transition back into the community. *Id*. ¶ 6. Plaintiff L.B. is not currently institutionalized, but claims she has been at risk for institutionalization since October 2015, when her supported living provider discontinued her services. *Id*. ¶ 7. Plaintiff L.B. currently resides with her mother and stepfather. *Id*. Plaintiff L.B. alleges that despite DSHS's efforts to find her a supported living provider, no agency has accepted her referral due to a lack of staff. *Id*.

Plaintiffs' motion for partial summary judgment is now before the Court.

### III. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). When ruling on summary judgment, courts do not weigh evidence to determine the truth of the matter, but "only determine whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Fed. Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

Courts must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747. However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be

insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### IV. DISCUSSION

Plaintiffs contend Defendants' actions violate two provisions of subchapter XIX of the Social Security Act. *See* Dkts. #1 ¶¶ 71, 73 and #21 at 1-3. Plaintiffs first claim Defendants violate Section 1396a(a)(8) of Title 42 of the United States Code because Defendants have not provided them with supported living services with reasonable promptness. Dkt. #21 at 11-16. Plaintiffs then contend Defendants' actions violate Section 1396a(a)(3) of Title 42 of the United States Code because Defendants did not provide them notice of their right to a hearing, or an opportunity for a hearing, even though their request for supported living services has not been authorized. *Id*. at 16-17. The Court addresses each argument in turn.

**A. Genuine Disputes of Material Fact Preclude the Court From Determining if Defendants Have Not Provided Plaintiffs With Reasonably Prompt Access to Supported Living Services.**

A genuine issue of material fact precludes the Court from finding that Plaintiffs have been denied reasonably prompt access to supported living services. Whether or not community-based habilitative services are provided with reasonable promptness is determined by a test of reasonableness. *See Hanley v. Zucker*, No. 15-cv-5958, 2016 WL 3963126, at *3 (S.D.N.Y. July 21, 2016) ("The Medicaid Act does not define a specific time limit for 'reasonable promptness' for furnishing medical assistance. A 2001 guidance letter issued by the Centers for Medicare and Medicaid Services . . . in the U.S. Department of Health and Human Services . . . states that § 1396a(a)(8)'s 'reasonable promptness' is ultimately 'governed by a test of reasonableness.'"); *also* Dkt. #50, Ex. H at 7. Here, Plaintiffs do not explain how, given this standard, their services

have not been provided in a reasonably prompt manner.  Instead of explaining how Defendants' actions fail this test of reasonableness, Plaintiffs simply cite to cases outside of the Ninth Circuit and unsuccessfully attempt to draw parallels between those cases and this matter to conclude that their services have not been provided in a reasonably prompt manner.  *See* Dkt. #21 at 11-16.  Plaintiffs, through their failure to address how the facts demonstrate their services have not been provided with reasonable promptness, fail to demonstrate they are entitled to judgment as a matter of law.

However, even if Plaintiffs had identified and explained how the facts warrant judgment in their favor, Defendants have presented sufficient evidence to raise genuine disputes of material fact.  With respect to Plaintiffs L.B. and C.F., Defendants explain that even though supported living services require individuals to secure their own housing, L.B. and C.F. have not secured housing where supported living services can be provided.  Dkt. #35 at 15.  Defendants also highlight that C.F. has limited her search for supported living services to a single provider who currently does not have any openings, and even though C.F., and L.B., have been presented with other supported living service options, they have refused to consider them.  *Id*. at 16.  With respect to Plaintiff J.P., Defendants contend the delay in providing her services is reasonable considering her unique needs.  *Id*.  Defendants explain that given J.P.'s unique needs, she requires additional caregivers and J.P. must also develop a personal rapport with those caregivers before she transitions into the community.  *Id*.  Because of J.P.'s unique needs, Defendants explain they have tried to facilitate her search of caregivers by offering the supported living provider enhanced reimbursement rates.  *Id*.  Given these facts, a reasonable jury could find that

Defendants' have not failed to provide Plaintiffs' supported living services with reasonable promptness.

In summary, the Court agrees that genuine disputes of material fact preclude it from determining that Defendants have failed to provide Plaintiffs supported living services with reasonable promptness.

**B. Genuine Disputes of Material Fact Preclude the Court From Determining If Defendants Failed to Provide Plaintiffs with an Opportunity to be Heard Pursuant to 42 U.S.C. § 1396a(a)(3).**

Section 1396a(a)(3) of Title 42 of the United States Code requires State plans for medical assistance to "provide for granting an opportunity for a fair hearing before the State Agency to any individual whose claim for medical assistance under the plan is denied or is not acted upon with reasonable promptness." Regulations that implement Section 1396a(a)(3) also require agencies that administer Medicaid programs to inform applicants, in writing, of their right to a fair hearing, their right to request expedited hearings, and the method by which to obtain such a hearing. 42 C.F.R. §§ 431.206(b)(1)-(2). Several events trigger this notice requirement, including when an agency terminates, suspends, or reduces covered benefits or services or Medicaid eligibility. *See id.* § 431.206(c)(2); *also* 42 C.F.R. § 431.201. Plaintiffs contend Defendants have deprived them of both notice and the opportunity for a fair hearing. Dkt. #21 at 16-17.

As an initial matter, the Court agrees with Defendants that the implementing regulations of Section 1396a(a)(3) do not require them to provide Plaintiffs with notice of their right to a fair hearing to challenge Defendants' alleged failure to provide community-based habilitative services with reasonable promptness. *See* Dkt. #35 at 21. While agency termination,

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT– 7

suspension, or reduction of covered benefits, covered services, or Medicaid eligibility require an agency to provide Medicaid applicants with written notice of their right to fair hearing, the implementing regulations of the Social Security Act do not require the same notice when an applicant believes his services are not provided in a reasonably prompt manner. *Compare* 42 C.F.R. § 431.206(c), *with* 42 C.F.R. § 431.220(a)(1). Instead, individuals who believe their claim has not been acted upon with reasonable promptness must first request a hearing; an individual requests a hearing when they, or their authorized representative, makes "a clear expression . . . that he wants the opportunity to present his case to a reviewing authority." 42 C.F.R. § 431.201. Once a hearing is requested, the agency's notice requirement is triggered. *See* 42 C.F.R. § 431.206(c)(2) (requiring agencies to provide applicants with notice "whenever a hearing is otherwise required in accordance with § 431.220(a)"). Given these implementing regulations, along with Plaintiffs' failure to allege that they have requested a hearing, Plaintiffs fail to establish they are entitled to summary judgment for Defendants' alleged failure to provide them with notice of their right to a fair hearing.

Additionally, even if Defendants were required to provide Plaintiffs with notice, Defendants have presented sufficient evidence indicating they provide waiver applicants with notice of their right to a fair hearing during the waiver application process, and during an individual's service plan meetings. *See* Dkts. #35 at 23-24, #46 at Exs. A at 3, B at 8, 15-16, C at 9, 17-18. Plaintiffs do not dispute that Defendants provide notices with fair hearing information, but instead contend these notices are not adequate because they do not explain why provision of community-based habilitative services is delayed. *See* Dkt. #53 at 4.

Regarding Plaintiffs' opportunity for a fair hearing, the same genuine disputes of material fact precluding the Court from holding that Defendants have failed to provide Plaintiffs with supported living services with reasonable promptness also prevents it from finding that Defendants have violated Plaintiffs' right for an opportunity for a fair hearing. Here, Plaintiffs' argument regarding Defendants' alleged violation of Section 1396a(a)(3) requires the Court to first determine if Defendants denied Plaintiffs' claims for supported living services, or failed to provide Plaintiffs' supported living services with reasonable promptness. This is necessarily the case because Section 1396a(a)(3) only provides Medicaid recipients with a right to a hearing when their claim for medical assistance is denied or not acted upon with reasonable promptness. Consequently, because a genuine dispute of material fact precludes the Court from determining if Plaintiffs' requested services have not been provided with reasonable promptness, and because Defendants dispute that Plaintiffs' claims for supported living services have been denied, at this juncture the Court cannot determine if Section 1396a(a)(3) has been violated.

In summary, at this juncture Plaintiffs fail to demonstrate they are entitled to summary judgment for Defendants' alleged failure to provide them with notice and an opportunity for a fair hearing.

## V. CONCLUSION

Having reviewed Plaintiffs' motion for partial summary judgment, Defendants' opposition thereto, Plaintiffs' reply, along with the declarations submitted by the parties and the remainder of the record, the Court hereby finds and ORDERS Plaintiffs' Motion for Partial Summary Judgment (Dkt. #21) is DENIED.

DATED this 29th day of June, 2017.

	RICARDO S. MARTINEZ
	CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT– 10