# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

C.F., *et al.*,

        Plaintiffs,

   v.

LASHWAY, *et al.*,

        Defendants.

CASE NO. C16-1205RSM

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

     This matter is before the Court on Plaintiffs' Motion for Leave to File First Amended Complaint. Dkt. #64. Plaintiffs filed suit in August 2016. Dkt. #1. In April 2017, Plaintiffs filed a class certification motion and a motion for partial summary judgment. *See* Dkts. #18 and #21. The Court denied both motions in June 2017. *See* Dkts. #58 and #59. Plaintiffs now seek to amend their Complaint to remove a plaintiff and her next friend, revise their proposed class definition, clarify allegations about Defendants' funding allocation policies and practices, and to name additional parties. Dkt. #64 at 1–2. Although Defendants do not oppose Plaintiffs' removal of a plaintiff and her next friend, they dispute the propriety of all other amendments proposed by

ORDER – 1

Plaintiffs. *See* Dkt. #68 at 1–2. For the reasons discussed herein, the Court GRANTS in part and DENIES in part Plaintiffs' motion.

Rule 15(a)(2) of the Federal Rules of Civil Procedure calls for the liberal amendment of pleadings, "when justice so requires." FED. R. CIV. P. 15(a)(2). Freely granting leave "when justice so requires," is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotes omitted). Thus, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.," parties should be allowed to amend a complaint. *Foman v. Davis,* 371 U.S. 178, 182 (1962). The consideration of prejudice to the non-moving party carries the most weight when a court decides whether to grant leave to amend. *Eminence*, 316 F.3d. at 1052. If the court does not find prejudice or "a strong showing" of the *Foman* factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*.

Plaintiffs demonstrate the interests of justice warrant allowing them to amend their Complaint to remove Plaintiff J.P. and her next friend, to amend their proposed class definition, to clarify allegations about Defendants' funding allocation policies and practices, and to name the Office of Financial Management ("OFM") as a defendant. Plaintiffs' motion to make these changes is timely. The Court set December 1, 2017, as the deadline for the parties to amend their pleadings and to join additional parties. Dkt. #63 at 1. Plaintiffs complied with this deadline by moving to amend on November 22, 2017. *See* Dkt. #64. Plaintiffs' motion to make these amendments is also not brought in bad faith; Defendants' arguments to the contrary are

unpersuasive, as they merely conclude, without explanation, that allowing the addition of a new party "inherently includes new legal claims and theories." *See* Dkt. #68 at 5. Defendants' contention that Plaintiffs' statements about Plaintiff C.F. demonstrate bad faith are also unpersuasive. *See id.* at 5–6. Whether or not Defendants have refused to provide Plaintiff C.F. with SOLA services is in dispute, and the Court refuses to find that Plaintiffs' inclusion of this allegation in its proposed amended complaint is "intentionally deceitful and a clear attempt to mislead the Court." *See id.*

Defendants also fail to demonstrate the futility of Plaintiffs' proposed amendments. A proposed amended complaint may be futile if it is subject to dismissal. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989); *Lazuran v. Kemp*, 142 F.R.D. 466, 467 (W.D. Wash. 1991). Defendants contend Plaintiff L.B. lacks standing to pursue her claims for injunctive relief because she is currently receiving services from a supported living provider. Dkt. #68 at 7. Defendants further argue that Plaintiff C.F. cannot seek injunctive relief because "Defendants have offered to explore placing him in a Pierce County SOLA and he refused." *Id.* at 8. Defendants' arguments are unpersuasive.[1] When parties seek injunctive relief, they must demonstrate they are "'realistically threatened by *repetition* of [the violations alleged.]" *Armstrong v. Davis*, 275 F.3d 849, 860-61 (9th Cir. 2001) (alteration in original) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). Here, notwithstanding Plaintiff L.B.'s receipt of services by a new supported living provider, Plaintiff L.B. alleges that the policies which prompted her initial wait for services

---

[1] Defendants also contend Plaintiffs' proposed amendments are futile because they will not result in class certification. Dkt. #68 at 6–7. The Court finds this argument premature, as Plaintiffs propose revising their class definition and the Court cannot comment on how this revision, as well as Plaintiffs' additional amendments, will affect Plaintiffs' renewed efforts to certify a class.

ORDER – 3

are still in place, and she alleges she remains at risk of institutionalization because of Defendants' failure to change these challenged policies. Dkts. #64, Ex. A at 5–6 and #70 at 5. The risk of institutionalization pled by Plaintiff L.B. will withstand a motion to dismiss based on standing. Defendants' disagreement with Plaintiff C.F.'s allegations about Defendants' refusal to provide SOLA services also does not preclude Plaintiff C.F. from seeking injunctive relief. Plaintiff C.F. alleges he remains institutionalized due to policies which deny him the provision of SOLA services with reasonable promptness. Dkt. #64, Ex. A at 5. Because the Court must accept these allegations as true, Plaintiffs L.B. and C.F. state plausible claims for relief.

Finally, Defendants fail to demonstrate they will suffer undue prejudice if Plaintiffs are allowed to revise their class definition, allowed to amend their allegations about Defendants' funding allocation policies and practices, and allowed to add the OFM as a defendant. Given that the parties have eight more months within which to conduct discovery, the Court finds that Defendants will not be prejudiced by the timing of these amendments. *See* Dkt. #63 at 1 (discovery to be completed by August 6, 2018).

Notwithstanding the propriety of the aforementioned amendments, the Court agrees with Defendants that Plaintiffs' attempt to add the Arc of Washington as an organizational plaintiff is not timely and will prejudice Defendants. *See* Dkt. #68 at 3–4. When evaluating undue delay, the court must "inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). Here, given the Arc's alleged, long-standing history of advocating for individuals with intellectual disabilities, and their alleged receipt of complaints regarding Defendants' failure

ORDER – 4

to provide supported living services over the past few years, it is unclear why the Arc was not added as a plaintiff earlier on. Plaintiffs make no attempt to explain why the Arc was not added sooner. *See* Dkt. #70 at 2. Plaintiffs' failure to address why they waited more than sixteen months to add the Arc is telling, and leads the Court to conclude that this attempt to add a party is untimely. The Court further finds that allowing Plaintiffs to add the Arc as a plaintiff at this stage will unduly prejudice Defendants, as the Arc's addition will necessitate an unexpected shift in discovery. The Court will thus not allow Plaintiff to add the Arc as a plaintiff to this litigation.

Plaintiffs' motion to amend is accordingly GRANTED in part and DENIED in part. Plaintiffs may file an amended complaint to remove Plaintiff J.P. and her next friend, to amend their proposed class definition, to clarify allegations about Defendants' policies and practices, and to name the OFM as a defendant. Plaintiffs' amended complaint must be filed within **seven (7) days** of the date of this Order.

DATED this 10th day of January, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE